IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02589-GPG-STV

DAVID MATTHEW POULOS AND
MARK JASON YOUNGERS,

    Plaintiffs,

v.

CITY OF MONTE VISTA,
JOSHUA HILL,
GEORGE DINGFELDER, and
DALE DECKER,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Scott T. Varholak

    This matter comes before the Court on Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [#11] ("the Motion"), which has been referred to this Court [#18]. This Court has carefully considered the Motion and related briefing, the entire case file and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Court respectfully **RECOMMENDS** that the Motion be **GRANTED** as explained in more detail below.

I.  **BACKGROUND**[1]

This action arises out of a series of criminal prosecutions against Plaintiffs David Poulos and Mark Youngers in Rio Grande County District Court.  [*See generally* #1-1]  On January 13, 2021, Plaintiffs were subject to a traffic stop by Defendant Hill, a City of Monte Vista Police Officer.  [##1 at 2; 1-1 at 17-19; 11-1 at 2]  In July of 2021, Plaintiffs were charged with one count each of Attempting to Influence a Public Servant for events relating to that traffic stop.  [##11-1; 11-2 (Warrants and Affidavits for Arrest Warrants)]  In October of 2021, Plaintiff Poulos was charged in a separate incident for possession of a forged instrument and forgery of a government issued document.  [##1-1 at 21-23 (discussing circumstances of arrest); 11-3 (Affidavit in Support of Warrantless Arrest)].  According to the criminal dockets attached to the Motion, the two cases against Plaintiff Poulos [##11-4, 11-5] and the one case against Plaintiff Youngers [#11-6] remain pending in state court.[2]

Plaintiffs' Complaint appears to challenge the constitutionality of the July 2021 traffic stop [#1 at 18-19], the October 2021 arrest and subsequent detention [*id*. at 21-22],

---

[1] The facts are drawn from the allegations in Plaintiff's Complaint (the "Complaint") [#1], which the Court accepts as true at this early stage of the proceedings.  *See Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)).  The facts are also drawn from the related state court proceedings, of which the Court takes judicial notice.  *Brickert v. Deutsche Bank Nat'l Tr. Co.*, 380 F. Supp. 3d 1127, 1133 n.1 (D. Colo. 2019) ("[A] court can take judicial notice of 'documents and docket materials filed in other courts.'") (quoting *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014)).  Moreover, the Complaint extensively references the related state court proceedings.  [*See generally* ##1; 1-1]; *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (holding a court "must consider the complaint in its entirety . . . [and] documents incorporated into the complaint by reference").

[2] Plaintiff Poulos is charged in Rio Grande County Case Numbers 2021CR000505 and 2021CR000091 and Plaintiff Youngers is charged in Rio Grande County Case Number 2021CR000090. [##11-4, 11-5, 11-6].

as well as bench warrants issued in Plaintiffs' state criminal cases [*id.* at 19]. The Complaint alleges a due process and equal protection claim under the Fourteenth Amendment, as well as a First and Fourth Amendment claim pursuant to 42 U.S.C. § 1983. [*Id.* at 26-40]  The Complaint further alleges conspiracy claims pursuant to 42 U.S.C. §§ 1985, 1986 [*id.* at 40-44] and a state tort claim for negligent infliction of emotional distress [*id.* at 44-45].[3]  The Complaint seeks injunctive and declaratory relief, as well as compensatory and punitive damages. [*Id.* at 46-47]

On November 9, 2023, Defendants filed the instant Motion. [#11]  Plaintiffs have responded to the Motion [#13] and Defendants have filed a reply [#16].

## II. STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of subject-matter jurisdiction."  Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

---

[3] The Complaint references the Colorado Constitution [#1-1 at 3, 4] although it is unclear whether Plaintiffs bring an independent cause of action under state constitutional law.

3

Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). When reviewing a facial attack on subject matter jurisdiction, the Court "presume[s] all of the allegations contained in the amended complaint to be true." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

B.  **Federal Rule of Civil Procedure 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Cassanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims

4

across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

### C.  Pro Se Litigants

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). "The *Haines* rule applies to all proceedings involving a pro se litigant." *Id.* at 1110 n.3. The Court, however, cannot be a pro se litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Moreover, pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

### III.  ANALYSIS

Defendants make several arguments in support of dismissal. First, Defendants argue that the Court must abstain from deciding Plaintiffs' claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). [#11 at 4-6] Defendants also argue: (1) Plaintiffs have failed to state a claim for relief for a civil rights claim [*id*. at 6-9]; (2) Sections 1985 and 1986 do not apply to the facts of this case [*id*. at 9-10]; (3) Defendants are entitled to qualified immunity [*id*. at 10]; and (4) the tort claim must be dismissed because it is barred by the

Colorado Governmental Immunity Act, and the Complaint does not state sufficient facts to sustain a claim for negligent infliction of emotional distress [*id*. at 11-13].  The Court agrees that *Younger* applies and thus does not address Defendants' alternative arguments.

A court lacks jurisdiction under the *Younger* abstention doctrine when there is an ongoing state court proceeding, the state court provides an adequate forum for raising the federal claims, and the proceedings fall within one of the three "exceptional circumstances" identified in *New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 368 (1989).  *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 81-82 (2013); *see also Makeen v. Colorado*, No. 14-cv-3452-WJM-CBS, 2016 WL 8470186, at *4-5 (D. Colo. Sept. 16, 2016).  "*Younger* abstention is jurisdictional" and thus must be addressed "at the outset."  *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228-29 (10th Cir. 2004).

All three *Younger* requirements are met here.  First, Plaintiffs are the named defendants in ongoing[4] criminal cases in Rio Grande County District Court. [##11-4, 11-5, 11-6]

Second, the state court provides an adequate forum for raising Plaintiffs' federal claims.  "Unless state law clearly bars the interposition of the federal statutory and constitutional claims, a plaintiff typically has an adequate opportunity to raise federal claims in state court."  *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (quotation omitted).  Moreover, "[w]hen a litigant has not attempted to present his federal claims in

---

[4] "For purposes of the first requirement, a state prosecution is considered to be pending if as of the filing of the federal complaint not all state appellate remedies have been exhausted." *Mounkes v. Conklin*, 922 F. Supp. 1501, 1511 (D. Kan. 1996).

related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Wilson v. Morrissey*, 527 F. App'x 742, 744 (10th Cir. 2013) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)).

In the response, Plaintiffs do not address whether the state criminal proceedings are an adequate forum to hear the federal claims. Critically, the events discussed in the Complaint are the same events at the heart of the pending criminal proceedings. [*Compare* #1-1 at 22 ("On or about Oct. 20th, 2021, Plaintiffs allege Judge Gonzales issued a warrant without determining probable cause.") *with* #11-4 (October 21, 2021 docket entry for Rio Grande County case number 2021CR000505 reads: "authorizer: Martin A Gonzales" and "document: Affidavit in Support of Warrantless Arrest")] And, Plaintiffs may raise their claims regarding the July 2021 traffic stop, the October 2021 arrest, the subsequent detention, and the several bench warrants in Rio Grande County District Court by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. There is no reason to believe these claims will not be given full and proper consideration by the state court. *See Goings v. Sumner Cnty. Dist. Att'ys Off.*, 571 F. App'x 634, 638 (10th Cir. 2014) (finding *Younger* abstention appropriate where plaintiff sought to challenge prosecutorial procedures used during his ongoing criminal proceeding); *Wilson*, 527 F. App'x at 744 (finding *Younger* abstention appropriate where plaintiff sought to challenge the constitutionality of his ongoing criminal prosecution); *see also Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state

procedures.") (quotation omitted); see generally *Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have an obligation "to guard, enforce, and protect every right granted or secured by the constitution of the United States").  Thus, the second *Younger* requirement is met.

Finally, the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45); see also *Sprint Commc'ns*, 571 U.S. at 78; *Winn*, 945 F.3d at 1258 ("For the purposes of *Younger*, state criminal proceedings are viewed as a traditional area of state concern." (quotation omitted)).  Thus, the third *Younger* requirement is met.  Accordingly, all three *Younger* requirements have been satisfied—indeed, Plaintiffs do not dispute that any of these factors weigh against abstention. [*See generally* #13]

Although *Younger* abstention is mandatory once the conditions have been met, a federal court may nevertheless enjoin a criminal prosecution if it "was (1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of 'irreparable injury' both great and immediate." *Phelps v. Hamilton*, 59 F.3d 1058, 1063–64 (10th Cir. 1995) ("Phelps I").  These exceptions "provide for a very narrow gate for federal intervention." *Id.* at 1064 (quotation omitted).  Plaintiffs do not allege that there is an unconstitutional statute involved. Plaintiffs likewise do not argue irreparable injury in their response, and, in any event, the Tenth Circuit has "consistently refused to find an exception to *Younger* when the injury could ultimately be corrected through the pending

8

state proceeding or on appeal." *Winn*, 945 F.3d at 1259.  Plaintiffs instead allege that: Defendants engaged in "a bad faith prosecution" [#1-1 at 12]; Defendant Hill "creat[ed] false affidavits and criminal charges" [*id.* at 9-10]; "Defendant Hill forged a false judicial obligation" [*id* at 19]; "Defendants . . . conspired against Plaintiffs to issue a[n] . . . unlawful warrant without probable cause" [*id.* at 22]; and Defendants filed a fraudulent complaint [*id*. ].

The Tenth Circuit has identified three factors to consider in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success;
> (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and
> (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps I*, 59 F.3d at 1065 (citations and footnotes omitted).  Notably, "it is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment."  *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) ("Phelps II") (quoting *Phelps I*, 59 F.3d at 1066).

Applied here, Plaintiffs have not shown that a reasonable officer or prosecutor faced with similar circumstances would not have detained or brought charges against them. *Wilson*, 527 F. App'x at 744.  Additionally, Plaintiffs have offered no facts to support their broad sweeping statements like: Defendant Hill "creat[ed] false affidavits and criminal charges." [#1 at 9-10]  Instead, Plaintiffs "offer[] nothing beyond [their] own assertions that these prosecutions were somehow wrongful." *Wilson*, 527 F. App'x at 744.  At bottom, it appears that Plaintiffs are unhappy with the parallel state actions, and

they seek to circumvent the state court judicial system by filing a lawsuit in federal court. "This is precisely what the *Younger* doctrine is intended to prevent." *El-Bey v. Lambdin*, No. 22-CV-00682-DDD-MDB, 2023 WL 2187478, at *6 (D. Colo. Feb. 23, 2023). The Court must therefore abstain from hearing Plaintiffs' claim for injunctive relief.

In addition to injunctive relief, Plaintiffs seek a declaration that "Defendants' behavior herein described [is] repugnant to the constitution" as well as monetary damages [#1-1 at 46] "Although the original *Younger* holding was limited to the proposition that injunctive relief was subject to abstention, the Tenth Circuit has expanded the doctrine to include declaratory and monetary relief as well." *Flanders v. Snyder Bromley*, No. 09-cv-01623-CMA-KMT, 2010 WL 2650028, at *4 (D. Colo. June 30, 2010). With respect to declaratory judgments, in an opinion issued concurrently with *Younger*, the Supreme Court stated:

> [I]n cases where the state criminal prosecution was begun prior to the federal suit, the same equitable principles [set forth in *Younger*] relevant to the propriety of an injunction must be taken into consideration by federal district courts in determining whether to issue a declaratory judgment, and that where an injunction would be impermissible under these principles, declaratory relief should ordinarily be denied as well.

*Samuels v. Mackell*, 401 U.S. 66, 73 (1971). Thus, the Court concludes that, to the extent Plaintiff seeks a declaration that Defendants' actions with respect to the state criminal proceedings are unconstitutional, the Court must abstain from hearing that claim.

With respect to monetary damages, the Tenth Circuit has held that "the *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L.*, 392 F.3d at 1228. In particular, the principles behind *Younger* extend to the situation where "a plaintiff who seeks only monetary damages could, once a money judgment is obtained, seek the

additional relief of an injunction and could argue in state court that the federal judgment has preclusive effect." *Id.*  Such is precisely the case here.  A judgment in Plaintiffs' favor in this case would enable Plaintiffs to argue before the Rio Grande County District Court that Defendants engaged in unconstitutional conduct because this Court had already determined that Plaintiffs' constitutional rights were violated.  *Younger* counsels against just such a result.

To the extent Plaintiffs' claims seek monetary damages, the Court concludes that a stay of those claims is appropriate.  "The rationale for *Younger* abstention can be satisfied . . . by just staying proceedings on the federal damages claim until the state proceeding is final." *D.L.*, 392 F.3d at 1228; *see also Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.")  Thus, the Court finds that the *Younger* doctrine applies to all of Plaintiffs' federal claims, that jurisdiction should be declined over Plaintiffs' federal claims for declaratory and injunctive relief, and that the remainder of the federal claims, solely consisting of claims for monetary damages, should be administratively closed, subject to reopening for good cause after resolution of the underlying state court proceedings.

Finally, to the extent Plaintiffs are asserting supplemental jurisdiction over state law claims, those claims will also be stayed because the federal claims over which the Court has original jurisdiction are stayed.  *See* 28 U.S.C. § 1367(c)(3); *Robinson v.*

*Hickenlooper*, No. 18-CV-00935-GPG, 2018 WL 11591274, at *5 (D. Colo. July 17, 2018) (staying state law claims where federal claims were stayed pursuant to *Younger*).

## IV. CONCLUSION

For the foregoing reasons, this Court respectfully **RECOMMENDS** that the Motion to Dismiss [#11] be **GRANTED** to the extent that it asks the Court to abstain from hearing Plaintiffs' claims for injunctive and declaratory relief, that Plaintiffs' damages claims be stayed pending resolution of the state court proceedings, and that this matter be **ADMINISTRATIVELY CLOSED** subject to reopening for good cause after resolution of the underlying state court proceedings. *Robinson*, 2018 WL 11591274, at *6-7. Should Plaintiffs wish to continue with this case after the conclusion of their trial or successful motion to dismiss, they must file a written request that the stay be lifted within thirty days of the disposition of the criminal proceedings. *Id.*[5]

---

[5] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review."  *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections).  *But see, Morales-*

DATED:  March 8, 2024

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge

---

*Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).